Filed 9/30/14  P. v. Garcia CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063662 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF29787) |
| DINO GARCIA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Imperial County, William D. Lehman, Judge.  Affirmed.

Patrick Morgan Ford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, and Minh U. Le, Deputy Attorney General, for Plaintiff and Respondent.

I.

INTRODUCTION

Defendant Dino Garcia pled no contest to one count of possession of a controlled substance in a prison facility and admitted to having suffered a prior felony conviction. The trial court sentenced Garcia to the low term of two years, doubled to four, pursuant to the plea agreement.

Appointed appellate counsel filed a brief presenting no argument for reversal, but requesting that this court review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). After having independently reviewed the entire record for error as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *Wende*, and after having sought additional briefing from the parties, we affirm.

II.

FACTUAL AND PROCEDURAL BACKGROUND

In September 2011, Garcia was serving a term for a felony conviction at Centinela State Prison. One afternoon, Correctional Sergeant Miguel Trujillo was summoned to the unit where Garcia was housed. A correctional officer informed Sergeant Trujillo that he had observed Garcia pass an envelope to another inmate. The correctional officer took possession of the envelope and found that it contained a hypodermic syringe with a brown liquid substance inside of it.

Correctional officers conducted a body search of Garcia and saw a string protruding from his anus. Upon questioning, Garcia eventually removed a small bindle. Garcia said that the bindle contained about "$50 worth" of heroin. A test of the substance rendered a presumptive positive result for heroin.

A grand jury indicted Garcia for violating Penal Code section 4573.6, possession of a controlled substance in a prison facility. The indictment also alleged that Garcia had suffered a prior conviction for assault with a deadly weapon in 2009.

Garcia entered a plea of not guilty and denied the allegations. Later, Garcia withdrew his plea of not guilty, and entered a negotiated plea of no contest to the charge of possession of a controlled substance in a prison facility. He also admitted having suffered the alleged prior conviction.

Pursuant to the terms of the plea agreement, the court sentenced Garcia to the low term of two years, which was doubled to four years based on his prior conviction.

Two months later, Garcia filed a handwritten request to withdraw his no contest plea. Garcia alleged that his trial counsel had rendered ineffective assistance in advising him to accept the negotiated plea deal. The trial court conducted a hearing on Garcia's motion to withdraw his plea. After holding an in camera hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, the trial court denied Garcia's motion.

Garcia filed a timely notice of appeal.

3

III.

DISCUSSION

Garcia's appointed counsel filed a brief summarizing the facts and proceedings below. Counsel presents no argument for reversal of the judgment, but asks this court to review the record for error as mandated by *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738. Counsel identifies the following as possible, but not arguable, issues for our review:

> (1) "Did the court err in denying petitioner's motion to withdraw his plea, or appoint counsel to file a habeas corpus petition?"
>
> (2) "Did trial counsel render ineffective assistance by failing to adequately investigate the charge before advising appellant to accept a negotiated plea?"
>
> (3) "Did the court properly sentence appellant?"

With respect to the third question, counsel identified the following subquestions:

> (a) "Was appellant disqualified from [the Criminal Justice Realignment Act] scheme based on his prior conviction for assault with a deadly weapon as defined in Penal Code section 245 subd. (a)(1)?"
>
> (b) "Did the court err by not granting appellant any credits for time served, in that the present charge was designated to run consecutively?"
>
> (c) "Did the court property apply the fines imposed at sentencing?"

We granted Garcia permission to file a supplemental brief on his own behalf. Garcia filed a supplemental brief in which he raised the question whether the trial court erred in failing to sentence him pursuant to Penal Code section 1170.1, subdivision (a),

4

by failing to aggregate his sentence in the current case with the sentence in his prior case. We requested that counsel for Garcia and the Attorney General file supplemental briefing addressing issues related to the possible application of Penal Code section 1170.1, subdivision (a).

A review of these supplemental briefs and the record pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, has ultimately disclosed no reasonably arguable appellate issues. Garcia has been competently represented by counsel in this appeal.

IV.

DISPOSITION

The judgment is affirmed.

_____

AARON, J.

WE CONCUR:


_____

McCONNELL, P. J.


_____

O'ROURKE, J.

5